SELLAS v. KIRK et al.

No. 905.

United States District Court
D. Nevada.

Nov. 5, 1951.

Ernest S. Brown, Clel Georgetta, Reno, Nev., for plaintiff.

Miles N. Pike, U. S. Atty., Reno, Nev., and Bruce R. Thompson, Asst. U. S. Atty., Reno, Nev., for defendant.

FOLEY, District Judge.

The complaint alleges that plaintiff applied for a permit to graze 2500 sheep and 200 head of cattle on Federal Range within Nevada Grazing District No. 4, Ely, Nevada, from July 1, 1947, to June 30, 1948. Plaintiff's application was granted in part only, that is, he was given a permit to graze 1,000 sheep and 57 cattle instead of 2500 sheep and 200 cattle. It is plaintiff's contention that such action was arbitrary, capricious and an abuse of discretion and in excess of statutory authority; and in support of such contention he alleges that the "Range Manager" failed and refused to give the proper consideration and allowance for plaintiff's prior water and water rights as base property in computing the quantity of his legal grazing privileges; and contrary to law did arbitrarily, capriciously and in abuse of discretion, adopt a formula whereby the plaintiff was allowed credit for his prior water and prior water rights only to the extent of one-third of his total operating capacity, whereas in truth and in fact the base property upon which the operation of plaintiff's livestock business is computed under the aforesaid grazing statute is dependent almost entirely upon prior water and prior water rights. He prays that the Range Manager be restrained from reducing his herds on said public domain to 1,000 sheep and 57 cattle, and for declaratory judgment; that the Range Manager be required to consider plaintiff's prior water and prior water rights together with his land base in determining the base property of plaintiff, thus entitling plaintiff the privilege of grazing on said public lands the total of 2500 sheep and 200 head of cattle.

The defendant Jesse Kirk, as Range Manager, moves the Court to dismiss plaintiff's complaint. In support of his motion the defendant urges: (1) That plaintiff has no right to judicial review because under the Administrative Procedure Act, 5 U.S. C.A. § 1009, there may be no judicial review of activities committed to agency discretion; and (2) the Government contends that the Secretary of the Interior is an indispensable party.

The affidavit of E. R. Greenslet, Regional Chief, Division of Range Management, Bureau of Land Management, Department of Interior, was, on the hearing of defendant's motion, accepted in evidence in support thereof. From that affidavit it appears that administrative hearings were had and that plaintiff was given opportunities to present his views. It may be said that plaintiff has exhausted his administrative remedies.

The gravamen of plaintiff's complaint is the adoption and application of the formula, that formula being the subject matter of a resolution of the Advisory Board of the district. The resolution is as follows: "A proper factual showing of its necessity having been made by the regional grazier and it having been found that local conditions in Nevada Grazing District No. 4 make necessary the application of a special rule for the classification of base properties in order better to achieve an administration consistent with the purposes of the act, either land or water only, or a combination of land and water, may be classified as base property for a single livestock operation in that district. In instances in which a combination of land and water is so recognized, the following further classification will be made:

"Class 1. Land dependent by use and full-time prior water.

"Class 2. Land dependent by location and full-time water."

Nevada Grazing District No. 4 in the vicinity of Ely, White Pine County, Nevada, is characterized in the decision of the Department of the Interior, dated June 15, 1950, as a "transitional area, that is, an area lying between one which requires a land base for livestock operations and one which

requires a water base for such operations"; said decision being attached to and made a part of the above mentioned affidavit of E. R. Greenslet.

It appears that such resolution on February 21, 1945, was in substance adopted as a special rule for Nevada Grazing District No. 4 (defendant's Ex. #2) pursuant to authority vested in the Secretary of the Interior by statute, 43 U.S.C.A. § 315 et seq., and in accordance with the provisions of 43 C.F.R. § 161.15. Sec. 315a, 43 U.S.C.A., provides: "The Secretary of the Interior shall make provision for the protection, administration, regulation, and improvement of such grazing districts as may be created under the authority of section 315 of this title, and he shall make such rules and regulations and establish such service, enter into such cooperative agreements, and do any and all things necessary to accomplish the purposes of sections 315–315m, 315n, 315o and 315o–1 of this title and to insure the objects of such grazing districts, namely, to regulate their occupancy and use, to preserve the land and its resources from destruction or unnecessary injury, to provide for the orderly use, improvement, and development of the range; * * *."

Pursuant to the authority granted to him by 43 U.S.C.A. § 315a, the Secretary of the Interior promulgated regulations, "The Federal Range Code for Grazing Districts," and of such regulations the following are pertinent here:

"§ 161.4 *Classification of base properties.* For the purpose of determining the proper use of the base properties of all applicants and their relative dependence upon the Federal range, land and water conditions and other factors affecting livestock operations in the area will be considered and determined according to customary use and best practices for good range management. Base properties will be classified as land or water and further in the following manner:

"Class 1. Land dependent by use, or full-time prior water.

"Class 2. Land dependent by location, or full-time water."

"§ 161.15 *Special rules for grazing districts.* Whenever it appears to a regional administrator that local conditions in any district in his region make necessary the application of a special rule on any of the matters in the Federal Range Code for Grazing Districts in order better to achieve an administration consistent with the purposes of the act, he may recommend such a rule, supported by a factual showing of its necessity, to the Secretary of the Interior for approval."

■ This is not a case where an application for a permit has been rejected in favor of an applicant not possessing the same faculties for economic and beneficial use of the range as was the case of Red Canyon Sheep Co. v. Ickes, 69 App.D.C. 27, 98 F.2d 308. Unlike Oman v. United States, 10 Cir., 179 F.2d 738, neither the Secretary of the Interior nor any of his subordinates are here charged with inducing or permitting third persons to interfere with rights or privileges granted to plaintiff or to which he may be entitled. Here plaintiff seeks a judicial review of determinations made by the Secretary of the Interior or his subordinates under the provisions of the Taylor Grazing Act and regulations made pursuant thereto. The agency action complained of here did not result in taking of property without due process of law as contended by plaintiff. The record here shows effort by the grazing officials and the Secretary of the Interior to arrive at a fair and reasonable conclusion. It shows that conferences and hearings were had and that plaintiff was given opportunities to present his views and did present his views.

Oman v. United States, 10 Cir., 179 F.2d 738, 741: "[6–8] * * * The Taylor Act provides that the 'issuance of a permit pursuant to the provisions of such sections shall not create any right, title, interest, or estate in or to the lands.' 43 U.S.C.A. § 315b. In Osborne v. United States, 9 Cir., 145 F.2d 892, 896, it was indicated that grazing permits are only a privilege 'withdrawable at any time for any use by the sovereign without the payment of compensation.' * * *"

■ If the sovereign may withdraw a grazing permit, it would follow that the

240

sovereign could limit and define the extent of such a privilege. The action of the Secretary of the Interior in approving the rule recommended by the Advisory Board of Nevada Grazing District No. 4 was based upon substantial evidence and is consistent with the authority granted by Congress. Said rule was not adopted and put into effect solely for the purpose of restricting or limiting plaintiff's grazing privileges. The rule affects not only plaintiff but all similarly situated who may apply for and be permitted grazing privileges in said Nevada Grazing District No. 4. The adoption and the application of this special rule (defendant's Ex. #2) "was agency action committed by law to agency discretion."

The following quotations from the opinion of Circuit Judge Duffy in Lansden v. Hart, 7 Cir., 180 F.2d 679, 683, illustrate the situation here:

"[7] * * * The complaint in the case at bar shows extraordinary effort by the agency to arrive at a fair and reasoned conclusion. It shows that many conferences and hearings were had, and that plaintiffs, * * *, were given an opportunity to present their views."

"[8, 9] * * * Jurisdiction of the subject matter of this action under the Administrative Procedure Act, although alleged in the complaint, does not exist in fact or law."

■ The Secretary of the Interior is an indispensable party. In Williams v. Fanning, 332 U.S. 490, 68 S.Ct. 188, 189, 92 L. Ed. 95, the Supreme Court of the United States held that the superior officer is not an indispensable party if the decree which is entered would effectively grant the relief desired by expending itself on the subordinate official who is before the court. In that case after reviewing Webster v. Fall, 266 U.S. 507, 45 S.Ct. 148, 69 L.Ed. 411; Warner Valley Stock Co. v. Smith, 165 U. S. 28, 17 S.Ct. 225, 41 L.Ed. 621; and Gnerich v. Rutter, 265 U.S. 388, 44 S.Ct. 532, 68 L.Ed. 1068, the Court said: "These cases evolved the principle that the superior officer is an indispensable party if the decree granting the relief sought will require him to take action, either by exercising directly a power lodged in him or by having a subordinate exercise it for him."

If the relief sought for plaintiff here should be granted, a new or different rule or "formula" would have to be made in order to determine the proper use of base properties of applicants in adjudicating grazing privileges for Grazing District No. 4. Such new rule or formula could not be made without approval of the Secretary of the Interior and the application of such new rule or formula could not be had without action by him either by exercising directly a power lodged in him or by having a subordinate exercise it for him. It may be said that the purpose of this action is to restrict, change or otherwise control the action of the Secretary of the Interior in his administration of the Taylor Grazing Act. In Warner Valley Stock Co. v. Smith, 165 U.S. 28, 34, 17 S.Ct. 225, 228, 41 L.Ed. 621, it was held: "The purpose of the bill was to control the action of the secretary of the interior; the principal relief sought was against him; and the relief asked against the Commissioner of the General Land Office was only incidental, and by way of restraining him from executing the orders of his official head. To maintain such a bill against the subordinate officer alone, without joining his superior, whose acts are alleged to have been unlawful, would be contrary to settled rules of equity pleading." Moody v. Johnston, 9 Cir., 66 F.2d 999.

■ If an action could be maintained upon the facts and circumstances related in plaintiff's complaint, the Secretary of the Interior would be an indispensable party. However, it is the opinion of the court that the court does not have jurisdiction over the subject matter of this action under the Administrative Procedure Act, 5 U.S. C.A. § 1001 et seq., or under any other statute or law.

It is therefore ordered, adjudged and decreed that the defendant's Motion to Dismiss be, and the same hereby is, granted and the above entitled action dismissed.

It is further ordered that the Order of this Court duly made and entered April 20, 1951, whereby it was ordered that the subject matter of this action remain in status

quo and any and all trespass proceedings against the plaintiff be stayed and are stayed until such time as this court determines whether it has jurisdiction, be, and the same hereby is, vacated.