**Herschel BEDKE et al., Plaintiffs,**

v.

**Wilfred L. QUINN, Defendant.**

**No. 3352.**

United States District Court
D. Idaho, S. D.

Aug. 22, 1957.

Milton A. Oman (of Draper, Sandock, Draper & Oman), Salt Lake City, Utah, for plaintiffs.

Ben Peterson, U. S. Dist. Atty., Pocatello, Idaho, for defendant.

FRED M. TAYLOR, District Judge.

The case is presently before the Court on defendant's motion to dismiss. The action arises under the provisions of the Taylor Grazing Act, 43 U.S.C.A. § 315 et seq., and the regulations promulgated under the authority of the said Act by the Secretary of the Interior.

The defendant is the officer of the Bureau of Land Management to whom has been delegated the authority to administer the use of that part of the public domain, within the State of Idaho, known as the Twin Falls Grazing District.

The plaintiffs are livestock ranchers who have been grazing their stock on the public domain in the Twin Falls Grazing District, and since the initiation of the Taylor Grazing Act have qualified for and received permits issued in accordance with the provisions of the Act.

In 1956, the Bureau of Land Management, with the approval of the Twin Falls Grazing District Advisory Board, put into effect a reduction of the grazing rights of the plaintiffs by 60 per cent. The plaintiffs did not make objection to this reduction in 1956, nor seek to pursue any of the administrative remedies available to them at that time in order to prevent said reduction.

In 1957, the plaintiffs applied for grazing privileges in excess of their 1956 use. By their 1957 applications, plaintiffs sought to have restored to them the rights which they had prior to the reduction made in 1956. The defendant denied the applications made in 1957, and as a result, plaintiffs retained the same rights they had in 1956. Plaintiffs neither gained nor lost anything by the denial of the 1957 applications, and, therefore, their use permits remained in status quo.

So far as can be ascertained from the plaintiffs' complaint, they are seeking relief from the action of the defendant taken in 1956, by attacking his action on the applications in 1957. As indicated above, the action taken by defendant in 1957, did not affect what had been done in 1956. Under such circumstances, if plaintiffs are entitled to any relief on the action taken by defendant in 1956, such relief cannot be based on the action taken by defendant in 1957.

Defendant's motion raises several questions, one of which is whether the agency action taken in 1956 is by law committed to agency discretion and under the Administrative Procedure Act, 5 U.S.C.A. § 1001 et seq., not subject to judicial review. This Court is inclined to the view that such agency action is committed to agency discretion, provided such discretion is not exercised arbitrarily or capriciously, and not beyond the lawful statutory authority of the agency and its officers. The Court cannot exercise the agency discretion, but it can inquire into whether that discretion has been properly exercised. In Chavez v. McGranery, D.C., 108 F.Supp. 255, 257, the Court, referring to 5 U.S.C.A. § 1009 of the Administrative Procedure Act, stated:

"The exception refers only to exercised discretion and does not mean

that merely because a statute commits action to agency discretion, the right to judicial review does not exist to determine whether or not the discretion has been exercised."

And in United States v. Shaughnessy, 2 Cir., 1950, 183 F.2d 371, 372, the Court concluded:

"Those findings were supported by sufficient evidence. Consequently, the Board could properly base its discretionary determination on those findings. The courts cannot review the exercise of such discretion; they can interfere only when there has been a clear abuse of discretion or a clear failure to exercise discretion."

It is also urged by defendant, that the Secretary of the Interior is an indispensable party. If he is an indispensable party, this Court does not have jurisdiction of the cause. The principles governing this question have been announced in several cases by the United States Supreme Court. Williams v. Fanning, 332 U.S. 490, 493, 68 S.Ct. 188, 189, 92 L.Ed. 95; Hynes v. Grimes Packing Co., 337 U.S. 86, 96, 97, 69 S.Ct. 968, 976, 93 L.Ed. 1231; Larson v. Domestic and Foreign Commerce Corporation, 337 U.S. 682, 689, 690, 69 S.Ct. 1457, 1461, 93 L. Ed. 1628.

■■ It appears, from the foregoing cases, that a suit to enjoin a subordinate official, or to set aside action taken by him without joining the agency head, is authorized where the subordinate official exceeded his authority. His authority would be exceeded where he exercised authority granted him arbitrarily or capriciously, or where the subordinate employee exceeded the statutory authority, either directly or under the guise of an ultra vires mandate of his superior.

Plaintiffs have alleged, in effect, that the reduction in the use of the public domain in 1956 was capricious and arbitrary, and that the action of the defendant in imposing the same was outside of and beyond any statutory authority. Such allegation is a mere conclusion which is not borne out by any allegation, or allegations of fact in the complaint. As a matter of fact, the affidavits filed in behalf of the defendant indicate the facts to be quite to the contrary.

■ A mandatory injunction ordering the defendant to issue the permits, a part of the relief sought herein, cannot be granted without joining the Secretary of the Interior, since this would require the Secretary to take action by exercising a power lodged in him, or by having a subordinate exercise it for him. Sellas v. Kirk, 9 Cir., 1952, 200 F.2d 217, at page 220. However, the fact that such relief cannot be granted without joining the Secretary of the Interior would not preclude other relief against any unlawful and ultra vires acts of a subordinate if no affirmative acts on the part of the Secretary of the Interior are required. If there were allegations of fact, in the instant case, revealing that the defendant is acting unlawfully or beyond his statutory authority, such acts on his part might be enjoined. However, there are no facts alleged, or appearing in the record, which indicate that the acts of the defendant are unlawful or ultra vires.

In Larson v. Domestic and Foreign Commerce Corporation, supra [337 U.S. 682, 69 S.Ct. 1461], it was stated:

"It is important to note that in such cases the relief can be granted, without impleading the sovereign, only because of the officer's lack of delegated power. A claim of error in the exercise of that power is therefore not sufficient. And, since the jurisdiction of the court to hear the case may depend, as we have recently recognized, upon the decision which it ultimately reaches on the merits, it is necessary that the plaintiff set out in his complaint the statutory limitation on which he relies."

This Court does not have jurisdiction of the subject matter, unless one of two conditions exist: the defendant must be either exercising lawfully granted authority in an unlawful manner, or, he must be exceeding the power granted by

statute. Since there are no facts alleged or appearing in the record which indicate that the defendant acted capriciously, arbitrarily, or unlawfully in making and imposing the reduction in 1956, this Court will not, under the rule of the Larson case, take jurisdiction of this cause.

In accordance with the foregoing, it is ordered that defendant's motion to dismiss be and the same hereby is granted.

Plaintiffs may have 20 days from the date hereof within which to file an amended complaint, if they so desire.