**GLENCOE DISTILLING COMPANY,**
Appellant,

v.

**Carl F. WHITE, United States Collector of Customs for Los Angeles,**
Appellee.

No. 16888.

United States Court of Appeals
Ninth Circuit.

Feb. 1, 1961.

---

3. The employer required the foremen to rate their men. Horton had been rated as the second most efficient man on his shift.

Curtis H. Palmer, Lawrence William Steinberg, Beverly Hills, Cal., for app'ellant.

Laughlin E. Waters, U. S. Atty., Richard A. Lavine, Ralph F. Bagley, Jr., Asst. U. S. Attys., Los Angeles, Cal., for appellee.

Before BARNES and KOELSCH, Circuit Judges, and POWELL, District Judge.

BARNES, Circuit Judge.

Plaintiff predicated jurisdiction upon Section 10 of the Administrative Procedure Act (5 U.S.C.A. § 1009(c)), granting review of final agency actions for which there is no other adequate remedy in any court. Existence of jurisdiction in the trial court is an issue on this appeal. This court has jurisdiction on appeal pursuant to Title 28 U.S.C. § 1291.

Appellant filed a complaint in the district court seeking injunctive and declaratory relief against the United States Collector of Customs for Los Angeles, claiming that defendant had in his custody certain brandy, and that he wrongfully refused to release such brandy to plaintiff for bottling, labeling and sale as French brandy. Defendant appellee mov-

ed to dismiss the complaint on the following grounds:

1. Plaintiff does not have title or legal interest in the product involved in this suit.

2. The complaint fails to state a claim upon which relief can be granted.

3. The court lacks jurisdiction over the subject matter and may not grant the relief prayed for by plaintiff.

4. Plaintiff has failed to join an indispensable party; to wit, Dwight E. Avis, Director of Alcohol & Tobacco Tax Division of the Internal Revenue Service.

The court granted appellee's motion, and, accordingly, dismissed the complaint. Appellant moved to set aside the dismissal, and requested leave to amend the complaint. Appellee resisted the motions on the grounds previously enumerated, admitting, however, that the proposed amended complaint remedied the defect alleged in the first enumerated objection. The amended complaint, it should be noted, changed the description of the brandy from "French brandy" to "brandy imported from France." The trial court denied appellant's motions, and appellant has, therefore, brought this appeal.

Appellee now admits that the first two of its four enumerated objections to appellant's pleading are satisfied by appellant's amended complaint. Thus appellee contends, the trial court's refusal to set aside the dismissal must rest solely upon the last two objections, and these then form the sole issues in dispute between the parties. These two issues may be restated as follows:

1. Did the trial court have jurisdiction over the subject matter?

2. Did plaintiff fail to join an indispensable party? We find a third issue, which we discuss separately:

3. Did the trial court err in refusing to allow plaintiff further leave to amend?

*1. Jurisdiction of the subject matter:*

Section 10 of the Administrative Procedure Act (5 U.S.C.A. § 1009(c)) provides in part:

"* * * every final agency action for which there is no other adequate remedy in any court shall be subject to judicial review."

Has appellant, then, complained of a final agency action not otherwise reviewable?

■ Appellant complains that defendant collector refuses to release the brandy in dispute "as brandy imported from France," even though appellant has tendered all taxes and duties payable. Appellant has, therefore, asked the trial court to require defendant to release the brandy "as brandy imported from France." Appellee points out that control of the labeling of imported alcoholic beverages is vested not in him, but in the Treasury Department (27 U.S.C.A. § 205 (e)), and ultimately delegated by it to the Alcohol & Tobacco Tax Division of the Internal Revenue Service. The Customs Collector has no authority to label or designate the liquor which he releases. Thus the relief which appellant requests, *viz.* the release of the brandy "as brandy imported from France," cannot be given against defendant appellee. Consequently, it cannot be said that appellant is seeking review of a final agency action not otherwise reviewable, for there has been no agency action. The relief refused was beyond the power of defendant agency to grant.

■ This same conclusion, however, may be reached more swiftly and perhaps more tenably via a different route. Appellant simply failed to exhaust its administrative remedy in seeking the relief it desires. *Myers v. Bethlehem Shipbuilding Corp.*, 1938, 303 U.S. 41, 50–51, 58 S.Ct. 459, 82 L.Ed. 638. Indeed it has not even begun to seek the administrative remedies available to it for it has not requested the desired relief from the only agency empowered to grant it.

Appellant's response to this is to contend that it has asked for no relief involving labeling. This is simply not true. A reading of either the original or amended complaint will demonstrate that fact. It is clear that appellant is asking for an adjudication that the liquid in-

volved is "brandy," and that it is "imported from France."

*2. Failure to join an indispensable party:*

■ On this issue both parties cite and rely strongly upon Williams v. Fanning, 1947, 332 U.S. 490, 68 S.Ct. 188, 92 L.Ed. 95. That case held that the Postmaster General is not an indispensable party when a user of the mails sues a local postmaster to enjoin him from carrying out a postal fraud order. The court, however, reviewed the prior case law, and distilled this principle:

"[T]he superior officer is an indispensable party if the decree granting the relief sought will require him to take action, either by exercising directly a power lodged in him or by having a subordinate exercise it for him." Id., 332 U.S. at page 493, 68 S.Ct. at page 189.

It is, however, not material that the subordinate official—when sued alone— would be left under the command of a superior to do what the court has forbidden, so long as:

" * * * the decree which is entered will effectively grant the relief desired by expending itself on the subordinate official who is before the court." Id., 332 U.S. at page 494, 68 S.Ct. at page 189.

Appellant claims to come under these principles because he seeks, in his words, "no more than . * * * that the defendant collector * * * take the action required of him under law * * * " Thus, appellant claims, any decree given will effectively grant the relief requested by operating upon the Customs Collector. As we have seen, however, appellant is asking for relief that is beyond the power of the Customs Collector to grant. Appellant is seeking more than just the release of two hundred and forty-eight barrels of liquid now in the custody of the Customs Collector—he wants the court— and the Customs Collector—to characterize that liquid as brandy and as having been imported from France. This additional relief cannot be obtained unless the Secretary of the Treasury, or his delegate (in this case the Director of the Alcohol & Tobacco Tax Division), is before the court. And appellant does not deny that the Director can be sued only at his official residence; *viz.* Washington, D. C. We believe, therefore, that the original complaint was properly dismissed, and that the proffered amended complaint did not remedy the defects in the original pleading.

*3. Amendment of the pleadings:*

The court refused to grant appellant leave to amend its pleadings. Ordinarily, this might well be error, especially in view of the court's failure to state the reasons for its dismissal. Even though the proffered amended complaint was defective, is it possible that further amendment could cure the defects?

Both parties agree on the applicable principles. Appellee admits that it is error not to grant leave to amend, if it appears that the plaintiff can state a claim. And appellee admits that plaintiff could, by further amendment, request the release of the two hundred and forty-eight barrels of spirits, without the additional adjudication that the liquid is brandy, or that it comes from France, merely upon payment of the tax. But, appellee asserts, if that is all that appellant wants, there is no purpose to this action, for there is nothing in the law that would prevent appellant from withdrawing the spirits in bulk upon payment of the required duties. We agree.

■■ The real issue in this case is whether appellant is seeking a determination as to the appropriate labeling of the liquor involved. Appellant's entire case hinges upon its contention that it is *not* seeking such an adjudication. A reading of appellant's complaints, however, convinces us that appellant is seeking, as appellee asserts, "a ruling by the Collector of Customs of Los Angeles that the spirits are in fact brandy within the definition of the Internal Revenue Service Regulations." As appellee further asserts, appellant simply desires "assurance that if he withdraws the spirits and

bottles and labels them as * * * 'brandy imported from France' that the Director of the Alcohol & Tobacco Tax Division will not institute proceedings to revoke, suspend or annul his basic permit * * *" Such relief cannot appropriately be given in an action against the Customs Collector. The trial court did not err in dismissing appellant's complaint.

The judgment of dismissal is affirmed.