**Wade McNEIL, Plaintiff,**

v.

**Albert K. LEONARD, Gladys Wiederrick, Frank Lock, John Matovich and Martin Matovich, Defendants.**

**Civ. No. 2226.**

United States District Court
D. Montana,
Havre-Glasgow Division.

Nov. 24, 1961.

Leif Erickson and J. R. Richards, Helena, Mont., for plaintiff.

Moody Brickett, U. S. Atty., and Lawrence G. Stimatz, Asst. U. S. Atty., Butte, Mont., for defendant Albert K. Leonard.

Granat & Cole, Malta, Mont., for defendant Gladys Wiederrick.

Robert Hurly, Glasgow, Mont., for defendant Frank Lock.

H. J. Luxan, Jr., A. W. Scribner and Walter S. Murfitt, Helena, Mont., for defendants John Matovich and Martin Matovich.

JAMESON, District Judge.

This action arises under the Taylor Grazing Act, Title 43 U.S.C.A. § 315 et seq., and regulations promulgated by the Secretary of the Interior. Pursuant to the Act, the United States Department of the Interior established Montana Grazing District No. 1, embracing public domain land in Phillips County, Montana. The defendant Albert K. Leonard is the district manager of the Bureau of Land Management and is the principal executive officer in charge of Montana Grazing District No. 1 on behalf of the Bureau. The other defendants are individual ranchers who have grazing permits and privileges in the district. According to the complaint the plaintiff is a rancher residing in Phillips County, Montana, and the owner of certain real property described as "commensurate base property, dependent upon the public domain included in Montana Grazing District No. 1".

All of the defendants have moved to dismiss. The motion of the defendant Leonard includes as one of the grounds for dismissal the failure to join an indispensable party, to-wit: the Secretary of the Interior.

Plaintiff recognizes that if the Secretary of the Interior is found by the court to be an indispensable party this action must be dismissed, and plaintiff will be forced to bring his action in the District of Columbia, the official residence of the Secretary. See Glencoe Distilling Company v. White, 9 Cir., 1961, 286 F.2d 713, 716.

Although I recognize that delay and expense will be incurred and sympathize with plaintiff's position, I have come to the conclusion that under the authorities the Secretary of the Interior is an indispensable party, and that the action accordingly must be dismissed. For this reason it will be unnecessary to consider the other questions raised by the various motions to dismiss.

The facts alleged in the complaint which are pertinent to a determination of the question of whether the Secretary of the Interior is an indispensable party may be summarized as follows:

In 1953 plaintiff filed, with the district manager of Montana Grazing District

No. 1, applications for certain grazing privileges. The applications were partially allowed. Plaintiff instituted appeal proceedings under the Federal Range Code, 43 CFR §§ 161 to 161.19.

The Taylor Grazing Act, 43 U.S.C.A. § 315b, requires the Secretary to give preference in the issuance of grazing permits to landowners within or near a district who are engaged in the livestock business, bona fide occupants or settlers, or owners of water or water rights, as may be necessary to permit the proper use of lands owned or occupied by such persons. To implement this requirement, the Range Code fixed the priority period in determining preferences as the five year period immediately preceding June 28, 1934. 43 CFR § 161.2(k) (1). Plaintiff had reached the point of appealing from the decision of a hearing examiner to the Director of Land Management in his trek through the Bureau's administrative machinery when, on June 19, 1956, a special rule was adopted by the Secretary of the Interior changing the priority period in the area involved to the period of five years immediately preceding January 1, 1953. 21 Fed.Reg. 4292 (1956), 43 CFR § 161.2(k) (3) (iii) (Supp.1959). The Secretary determined that the adoption of the special rule made plaintiff's appeal moot and dismissed it.

Plaintiff, after exhaustion of administrative procedures, brought an action in the nature of review in the United States District Court for the District of Columbia against the Secretary of the Interior. That action culminated in a decision of the Court of Appeals, District of Columbia Circuit, dated June 16, 1960.[1]

Plaintiff filed an application with defendant Leonard as district manager of Montana District No. 1 for 1961 grazing privileges for 439 animal units for the eight months grazing period. Similar applications were also made by defendants Wiederrick, Lock and Matovich. In determining the grazing privileges for the various applicants, the special rule of June 19, 1956, was applied to applications of Wiederrick, Lock and the Matovichs. The complaint alleges: "The extent of rights awarded to Plaintiff McNeil was based upon the application of the original priority period. Defendant Leonard fixed his Class One right as 143 animal units and in addition granted Plaintiff McNeil 89 animal units as Class Two, being Plaintiff's pro-rata share of available Class Two according to the Defendant Leonard available, after satisfying the number of Class One rights accorded Plaintiff under the original priority period and Class One rights accorded Defendants Wiederrick, Lock and Matovich under the Special Rule."[2]

Plaintiff alleges that the effect of the action of defendant Leonard in awarding 1961 grazing privileges in the manner

---

1. McNeil v. Seaton, 108 U.S.App.D.C. 296, 281 F.2d 931.

2. Grazing rights are determined from the amount, location and character of the property owned by the applicant called "base". Under the Range Code, 43 CFR § 161.4b, the Range Manager, after recommendation by the advisory board, is to "classify base properties as land or water and further in the following manner:

   Class 1. Land dependent by use, or full time prior water.

   Class 2. Land dependent by location, or full time water."

   43 CFR § 161.2(k) (1) defines "land dependent by use" as "forage land other than Federal range of such character that the conduct of an economic livestock operation requires the use of the Federal range in connection with it and which, in the 'priority period', was used as a part of an established, permanent, and continuing livestock operation for any two consecutive years or for any three years of such priority period in connection with substantially the same part of the public domain, now part of the Federal range".

   43 CFR § 161.2(1) defines "land dependent by location" as "forage land other than Federal range, which is so situated and of such character that it can properly be used as a base for an economic livestock operation utilizing the forage resources of the Federal range".

   These and other definitions of the Range Code are often modified or changed with respect to specific grazing districts by special rules promulgated by the Secretary of the Interior pursuant to 43 CFR § 161.16.

set forth is to nullify the decision of the Court of Appeals for the District of Columbia Circuit in McNeil v. Seaton. Plaintiff interprets that decision as requiring that not only his Class One rights be determined under the priority period as originally promulgated in the Range Code, but also that his Class Two rights be similarly fixed; and that if this were done by defendant Leonard, there would be ample range available to satisfy the full extent of plaintiff's application for 1961 grazing privileges.

Plaintiff asks this court to command defendant Leonard to grant plaintiff's application for grazing privileges to the full extent of the application.

The case of Richman v. Beck, 10 Cir., 1958, 257 F.2d 575, 576, is directly in point and compels the conclusion that the Secretary of the Interior is an indispensable party. In that case Beck brought an action against the State Supervisor for Utah of the Bureau of Land Management, and Giles, Range Manager of Utah Grazing District No. 2, seeking a declarative adjudication that Beck had the right to trail sheep across public lands in the district, a mandatory injunction commanding the issuance by Richman and Giles to Beck of permits or licenses "for the grazing or crossing of said public lands", and a mandatory injunction commanding Richman and Giles and their successors in office thereafter to continue to extend and issue such permits or licenses to Beck, upon proper application therefor.

Beck had made an application for a license, or trailing permit, to cross District No. 2 with some sheep between October 10 and 31, 1956. The advisory board, composed of local stockmen (see 43 U.S.C.A. § 315o-1), recommended that the application be denied. Giles, the range manager, thereupon denied the application. Beck tried to trail his sheep without a permit and was halted and requested to pay a fine for trespass. He refused and commenced this action. Jurisdiction of the trial court was challenged on the ground that the United States had not consented to suit and that the Secretary of the Interior was an indispensable party defendant. The trial court entered judgment for Beck, but the Court of Appeals held the Secretary to be an indispensable party and on that ground reversed the judgment and ordered the cause remanded, with instructions to dismiss the action without prejudice. The court said:

"Under § 315, supra, the power to grant to owners of land adjacent to a grazing district, upon application of such owner, rights of way over lands included in the district for stock driving purposes is vested in the Secretary of the Interior. Likewise, the power to issue or cause to be issued permits to graze livestock in grazing districts by § 315b, supra, is vested in the Secretary of the Interior.

"The relief sought and the decree entered below, in effect, required the Secretary of the Interior to exercise, through a subordinate, a power vested in the Secretary and so to require would interfere with the public administration of public lands in Grazing District No. 2 by the Secretary of the Interior.

"In Williams v. Fanning, 332 U.S. 490, 493, 68 S.Ct. 188, 189, 92 L.Ed. 95, the court said:

" ' * * * the superior officer is an indispensable party if the decree granting the relief sought will require him to take action, either by exercising directly a power lodged in him or by having a subordinate exercise it for him.'

"Counsel for Beck argue that while his prayer for relief sought a mandatory injunction, requiring the issuance of a trailing license or permit, the primary relief sought was a judgment restraining Richman and Giles from interfering with the trailing and grazing rights which he had previously enjoyed. But Beck has no right to trail his sheep in District No. 2, without a permit so to do from the Secretary of the Interior or his subordinates acting for

him, nor to graze his sheep in District No. 2 without a permit so to do, issued or caused to be issued by the Secretary of the Interior. To lawfully exercise the rights which he asserts, he must obtain affirmative action by the Secretary of the Interior or by subordinates of the Secretary of the Interior, acting for him.

"And, while the decree below is negative in form, in that it enjoins the withholding of permits, its effect is to affirmatively require the issuance of permits."

The only difference observable between the instant case and Beck is the fact that here we are dealing with grazing permits while that case involved trailing permits. This case falls squarely within the principle enunciated in Beck, for the complaint alleges in paragraph XIII that "Plaintiff will suffer irremediable damage if an order is not made by this court commanding Defendant Leonard to grant Plaintiff's application for grazing privileges to the full extent of Plaintiff's application", and the prayer seeks "judgment commanding Defendant Albert K. Leonard to grant Plaintiff's application in full for grazing privileges for the year 1961 and to allot to Plaintiff exclusive use of his individual allotment described in this complaint and sufficient additional Federal range to graze Plaintiff's cattle in the numbers for which grazing privileges were requested for the year 1961".

In Sellas v. Kirk, 9 Cir.1952, 200 F.2d 217, 220, appellant's grazing privileges were reduced from those which he had enjoyed in the past by reason of the application of a special rule to Nevada Grazing District No. 4. His action to enjoin the range manager from effecting the reduction and for declaratory relief was dismissed by the trial court. In affirming the court said:

"But assuming that the action on appellant's application for a permit is judicially reviewable, we think the Secretary of the Interior is an indispensable party to the suit. The only party defendant before the court is the Secretary's subordinate, and it is the Secretary, not the subordinate, who is authorized by the Act 'to issue or cause to be issued permits to graze livestock' on grazing districts. 43 U.S.C.A. § 315b. The rule declared in the leading case of Williams v. Fanning, 332 U.S. 490, 493, 68 S.Ct. 188, 189, 92 L.Ed. 95, is that 'the superior officer is an indispensable party if the decree granting the relief sought will require him to take action, either by exercising directly a power lodged in him or by having a subordinate exercise it for him.' " 200 F.2d at 220.

Plaintiff here urges that the Sellas case is distinguishable in that it involved a special rule promulgated by the Secretary. But at most this was simply an additional reason for denying relief.[3]

Williams v. Fanning, 1947, 332 U.S. 490, 68 S.Ct. 188, 189, 92 L.Ed. 95, is cited by both parties and was relied upon in both the Beck and Sellas cases. Williams v. Fanning recognized a line of Supreme Court cases embodying the principle "that the superior officer is an indispensable party if the decree granting the relief sought will require him to take action, either by exercising

---

3. On this point the court said:

"It appears moreover that the capacity of the range in the grazing district in question has been determined, and the range fully allocated to qualified users. If it should be held that appellant is entitled to graze a greater number of livestock than the number assigned him, the privileges of the other users must of necessity be reduced or readjusted accordingly. Thus in order to increase appellant's permitted use as he demands it would be necessary not only to put into effect a new special rule for the District, but to reclassify and readjudicate the base properties of all qualified users in the area. Manifestly the court ought not, at least without the presence of the Secretary, enter a decree of such far-reaching consequence both to the grazing service and to the users in the District." 200 F.2d at 220.

directly a power lodged in him or by having a subordinate exercise it for him". In my opinion the Williams case, in holding that the Postmaster General was not an indispensable party in an action to enjoin a local postmaster from carrying out a fraud order, did not depart from that principle, for the court concluded:

> "It is he (the local postmaster) who refuses to pay money orders, who places the stamp 'fraudulent' on the mail, who returns the mail to the senders. If he desists in those acts, the matter is at an end. That is all the relief which petitioners seek. The decree in order to be effective need not require the Postmaster General to do a single thing —*he need not be required to take new action either directly as in the Smith and Fall cases or indirectly through his subordinate as in the Rutter case.* No concurrence on his part is necessary to make lawful the payment of the money orders and the release of the mail unstamped. Yet that is all the court is asked to command." (Emphasis added.) 332 U.S. 490, 494, 68 S.Ct. 188, 189.

In the recent case of Glencoe Distilling Company v. White, 9 Cir.1961, 286 F.2d 713, 716, the Ninth Circuit Court of Appeals again recognized the principle "distilled" by the Williams case and quoted supra. The court went on to say that it is not material that a subordinate official when sued alone might be left under the command of a superior to do what the court has forbidden him to do as long as "the decree which is entered will effectively grant the relief desired by expending itself on the subordinate official who is before the court." The plaintiff in Glencoe was held unable to come under this principle since he wanted the court and the defendant Custom Collector to characterize his liquid, held by the Collector, as brandy and as having been imported from France, and this relief could not be obtained unless the Director of the Alcohol & Tobacco Tax Division of the Treasury Department were before the court as a defendant. Again the court affirmed a dismissal of the action.

Plaintiff relies heavily upon language in Shaughnessy v. Pedreiro, 1955, 349 U.S. 48, 75 S.Ct. 591, 99 L.Ed. 868, and Adams v. Witmer, 9 Cir.1958, 271 F.2d 29, to the effect that the rules respecting joinder of superior officers as indispensable parties have been liberalized and are governed to a large extent by practical considerations. Although the policy behind this trend is laudable and its advantages apparent, I have found no case which has extended such considerations to the point of holding a superior officer not an indispensable party in a case such as this. The Shaughnessy case was an action to enjoin a District Director of Immigration and Naturalization from executing a deportation order and to declare it void. In holding that the Commissioner of Immigration and Naturalization need not be joined the case goes no further than Williams v. Fanning, since the relief sought was negative in form and the court's decree would be expended upon the subordinate official.

In Adams v. Witmer, supra, the character of the relief sought was summarized by Judge Pope as follows:

> "The immediate relief which appellant sought in his proceeding was an injunction again (sic) Berriman who threatened to take possession of the appellant's mining claims and the structures and buildings thereon. Additional relief is sought against the defendant Witmer, the local manager of the Los Angeles Land Office who, it was alleged, threatened to cancel appellant's mining claims and mineral entries on the records of the Land Office. *No prayer was included for the issuance of a patent or for any other relief which would require action by the Secretary.*" (Emphasis added.) 271 F.2d at 35.

Judge Pope went on to state that appellant's continued right of possession and right to work the mining claims was not dependent upon a patent being issued

and recognized that Richman v. Beck, supra, accordingly was distinguishable.

Here we view the other side of the coin. It is Adams v. Witmer which is distinguishable and Richman v. Beck which is in point, for the relief requested by the plaintiff will require the Secretary or his subordinate to grant plaintiff McNeil's application for grazing privileges and issue further grazing permits; and in all probability further action will be required on their part to adjust the permits and licenses granted to the other defendants to conform the grazing permits of livestock ranchers in the area to the available public land.

The action will be dismissed without prejudice.