## THOMASON v. WORKS PROJECTS ADMINISTRATION et al.

### No. 10403.

Circuit Court of Appeals, Ninth Circuit.

Oct. 18, 1943.

S. T. Schreiber, of Boise, Idaho, for appellant.

John A. Carver, U. S. Atty., and E. H. Casterlin, Asst. U. S. Atty., both of Boise, Idaho, for appellee.

Before GARRECHT, STEPHENS, and HEALY, Circuit Judges.

HEALY, Circuit Judge.

This appeal is from a dismissal of appellant's complaint in a suit against the Works Projects Administration, Miller its administrator for Idaho, and Hedges a local supervisor for the Administration.

The complaint shows that in the summer of 1938 one Thomason, who was appellant's husband, was employed in a weed control project administered by the Works Progress Administration. In the conduct of his work Thomason applied to the soil certain chemicals described as highly dangerous and poisonous to man. While so engaged he was overcome by fumes of the chemicals, became unconscious, and remained so until his death a few days later. Thomason had previously complained to Hedges, his immediate superior, of the ill effects of the fumes and had requested without avail to be transferred to other work. In the interim between the injury and the death Hedges reported to Miller a purported discharge of Thomason, the report being false and being made with the intent by Hedges to deceive his superior and to avoid liability under the law. There are averments that no compensation has been paid the plaintiff on account of the death of her husband, that no true report of the accident has ever been made to the United States Employees' Compensation Commission, and that plaintiff has but recently discovered the deception practiced upon her. There is a prayer for damages in the sum of $10,000 and for expenses, charges, and costs.

On motion of the defendants the court ordered a dismissal as to the Works Projects Administration, being of opinion that the latter is an executive agency and as such is not amenable to suit. There being admittedly no diversity of citizenship as between the complainant and the individual defendants, the cause was dismissed as against those defendants also.

The action sounds in tort. It appears to proceed (1) upon a claim of negligence, and (2) upon the theory that the defendants fraudulently deprived appellant of her remedy under the Act of September 7, 1916, 5 U.S.C.A. § 751 et seq., providing for the payment of compensation for injuries to or for the death of employees of the United States. That Act sets up an administra-

tive procedure patterned after the traditional state workmen's compensation acts. It was made applicable to employees of the Federal Civil Works Administration by the Act of February 15, 1934, 5 U.S.C.A. § 796. Cf. Posey v. Tennessee Valley Authority, 5 Cir., 93 F.2d 726. Appellant argues that the recent decisions of the Supreme Court in Keifer & Keifer v. Reconstruction Finance Corporation, 306 U.S. 381, 59 S.Ct. 516, 83 L.Ed. 784; Federal Housing Administration v. Burr, 309 U.S. 242, 60 S.Ct. 488, 84 L.Ed. 724, and Reconstruction Finance Corporation v. J. G. Menihan Corp., 312 U.S. 81, 61 S.Ct. 485, 85 L.Ed. 595, have virtually obliterated the principle of sovereign immunity from suit.

■ While some of these decisions, notably the last one, contain pretty broad language, we think they do not go so far as appellant contends. They were concerned with corporate or analogous devices created or immediately authorized by Congress and endowed by it, expressly or by implication, with the power to sue and be sued. The Works Projects Administration is not a device of that type. Like its predecessor the Works Progress Administration, it is a mere agency of the executive. The Works Progress Administration was established in 1935 by executive order and was made responsible to the President for the "honest, efficient, speedy, and coordinate execution" of the work relief program as set up in the emergency relief acts.[1] It was continued under its new name by Reorganization Plan No. 1, effective July 1, 1939.[2] There is no diguising the fact that suit against either agency amounts to a direct suit against the government, and Congress has not yet indicated a general waiver of governmental immunity. As regards persons employed in emergency relief work at any rate, the most Congress has done is to appropriate funds and provide administrative machinery through which injured workers or their dependents may claim compensation. Far from manifesting a purpose to permit these persons to sue the government for damages on account of personal injury, this legislation would appear to imply the opposite.

But even if it be supposed that the administrative machinery may be ignored and a suit for compensation maintained, this is not such a suit. The United States Employees' Compensation Commission has not been made a party, nor is recourse claimed against the compensation fund created by § 35 of the Act;[3] and the amount sued for bears no relation to the scale of compensation provided for in § 10.[4] We need not and do not consider whether some remedy is now available to appellant under the provisions of that Act.

■ We think, therefore, that dismissal of the suit as against the Works Projects Administration was proper. With that agency eliminated, it is plain that because of lack of the requisite diversity of citizenship no jurisdiction remained in the court to proceed as against the individual defendants. The right, if any, to recover damages as against them is not governed by federal law.

Affirmed.

---

[1] Code of Federal Regulations, Title 45, C. III, §§ 301.1, 301.2.

[2] Code of Federal Regulations, Supplement 1939, Title 45, C. III.

