## WOMBLE v. UNITED STATES.

### No. 10811.

Circuit Court of Appeals, Ninth Circuit.

Dec. 22, 1944.

As Modified on Denial of Rehearing

Jan. 20, 1945.

Harold Wyatt, of Stockton, Cal., for appellant.

Frank J. Hennessy, U. S. Atty., of San Francisco, Cal., and Thomas O'Hara and Emmet J. Seawell, Asst. U. S. Attys., both of Sacramento, Cal., for appellee.

Before GARRECHT, MATHEWS, and BONE, Circuit Judges.

GARRECHT, Circuit Judge.

Appellant was found guilty of the violation of Section 398, Title 18 U.S.C.A. The appellant waived jury trial and was tried by the court without a jury. Upon pronouncement of judgment, the appellant made a motion for a new trial which was denied. Appellant appeals from the judgment.

On the question of the sufficiency of the evidence this court can inquire only as to whether there is substantial evidence to support the findings.

The evidence so considered is in brief as follows: The appellant, Dewel Kathleen Womble, and Stephen Culp made the trip from Louisville, Kentucky, to Stockton, California, in Culp's automobile. Culp separated from the appellant and Dewel Kathleen Womble at Stockton, California. The record shows that at no point en route did the appellant work at any gainful occupation although Culp testified that they made inquiries about employment. Appellant paid part of the expenses of the trip and, in that way, assisted in transporting Dewel Kathleen Womble from Kentucky to California.

Upon arrival in Stockton, appellant and Dewel Kathleen Womble registered at the Hotel Wolf in Stockton as Mr. and Mrs. John Robertson. The testimony shows that Dewel Kathleen Womble was known in Stockton as Ethel Robertson. This registration was for a single room. Later, Dewel Kathleen Womble was at the New England Rooms where she was arrested by the Stockton police for vagrancy based on prostitution after a report from one Tasani that he had contracted a venereal disease from her. The evidence showed that the appellant went to Sally Mason's and asked if she could use another girl. The testimony was that in a few days Dewel Kathleen Womble went to work as a prostitute at Sally's Cafe. Other witnesses testified that she worked as a prostitute at another house in Stockton.

The appellant contends that there was no evidence that in transporting Dewel Kathleen Womble he had any intent that she should practice prostitution. The law is settled that in prosecutions for violation of the White Slave Act, Title 18 U.S.C.A. § 398, the jury or court may infer intent from all the circumstances of the evidence. Tedesco v. United States, 9 Cir., 118 F.2d 737, 741; Shama v. United States, 8 Cir., 94 F.2d 1. This court has decided the evidence of conduct at the end of the journey is sufficient to sustain such a conviction. Kelly v. United States, 9 Cir., 297 F. 212.

Appellant argues that the evidence does not show that Dewel Kathleen Womble practiced prostitution. The testimony was that she was arrested for vagrancy based on prostitution; that more than one witness testified to acts of prostitution. The testimony was also that the appellant inquired of one place whether they could

use another girl and that he made several telephone calls to her at the different houses where she worked.

It is our opinion that all this evidence is substantial and supports the lower court's judgment.

Affirmed.