## UNITED STATES et al. v. BERGER et al.
### No. 10981.

Circuit Court of Appeals, Ninth Circuit.

June 8, 1945.

See also 9 Alaska 389, 605.

J. Edward Williams, Acting Head, Lands Division, Vernon L. Wilkinson and Roger P. Marquis, Attorneys, Dept. of Justice, all of Washington, D. C., for appellants.

No other appearances were entered.

Before DENMAN, HEALY and BONE, Circuit Judges.

DENMAN, Circuit Judge.

This is upon a motion to reverse a judgment dismissing appellants' complaint. The appeal has been perfected and both parties are within the jurisdiction of the court. A notice of motion with an accompanying copy of the motion and a brief in support thereof was served upon appellees more than six weeks before the date of the hearing, of which latter date the appellees were duly notified. Appellees failed to appear at the hearing and the motion was submitted

without argument on appellants' brief and the transcript of the record.

The complaint sets forth two causes of action. The first, with which appellants are solely concerned, is to recover from appellees, Berger, Wells, Ervin and McDonald, as bondsmen on an undertaking given on the issuance of a temporary injunction in a suit numbered A-1053 in the District Court of the United States for the Territory of Alaska, Third Division, brought by Berger against appellant Ohlson as General Manager and J. T. Cunningham as Acting General Manager of the Alaska Railroad, to restrain the collection of appellants' toll charges for wharfage services to Berger across the dock of the Alaska Railroad at Anchorage, Alaska.

■ The defendants demurred to the first cause of action, which the court overruled. We hold that the first cause of action pleaded facts which, if proved, are sufficient to sustain a judgment and that the demurrer was properly overruled.

■ The second cause of action was against Berger for the fees for the wharfage services rendered him. A motion to strike the allegations of the second cause of action was granted. Appellants here are not concerned with the judgment as to the second cause of action and it should be affirmed.

■ The district court thereafter "on the court's own motion" "granted" the appellants "30 days in which to file an amended complaint.". None was filed. Since the court had properly overruled the demurrer to the first cause of action and since the court did not order the filing of an amended complaint, appellants' failure to avail themselves of the privilege of filing one could mean no more than that they elected to stand upon their first cause of action as pleaded.

Thereafter the court "on the court's own motion" dismissed the entire complaint. The record shows plain error in the dismissal of the complaint as to its first cause of action.

■

So far as concerns a review of such a judgment on such a motion our Rule 9 provides "The practice shall be the same as in the Supreme Court of the United States, as far as the same shall be applicable." In the recent case of United States v. Womble, 9 Cir., 146 F.2d 263, certiorari to review a judgment of conviction sustained on appeal to this court was applied for and granted. Under the usual Supreme Court practice that case would have gone upon its docket for hearing. Instead, without hearing, the Supreme Court reviewed our action and reversed "for want of substantial evidence to sustain the conviction" and remanded the case to the district court. Womble v. United States, 65 S.Ct. 1022. See Ex Parte United States, 319 U.S. 730, 63 S.Ct. 1322, 87 L.Ed. 1693; Seago v. New York Central Railroad Co., 315 U.S. 781, 62 S.Ct. 806, 86 L.Ed. 1188; Magnolia Petroleum Co. v. Hull, 314 U.S. 575, 62 S.Ct. 75, 86 L.Ed. 466.

In review by certiorari the Supreme Court rule provides for an answering brief to the brief in support of the petition for the writ. In the Womble case this answering brief may or may not have been filed, but the respondent government had its chance to respond before the Supreme Court reviewed the judgment upon which certiorari was granted. In this review the appellees had the same opportunity to oppose the motion by brief and, in addition, by argument.

■■ When a case is before us on a perfected appeal, such a review upon a noticed motion open to brief and hearing is as much within our jurisdiction to review final judgments under Sec. 128 of the Judicial Code, 28 U.S.C.A. § 225, as one on the succession of briefs and hearing provided by our rules. Summary disposition of such a patent error is warranted to avoid the costs of printing and filing the record and briefs and the delay in time due to the distance between Alaska and California.

The judgment is reversed as to the first cause of action; otherwise it is affirmed.