**Henry J. ERNST, Appellant,**

v.

**SECRETARY OF THE INTERIOR, Solicitor, Department of the Interior, and Roy N. Mikel, Appellees.**

**No. 15431.**

United States Court of Appeals
Ninth Circuit.
April 29, 1957.

Maurice T. Johnson, Fairbanks, Alaska, for appellant.

George M. Yeager, U. S. Atty., Eugene v. Miller, Fairbanks, Alaska, Perry W. Morton, Asst. Atty. Gen., for appellees.

Before HEALY, LEMMON, and FEE, Circuit Judges.

**PER CURIAM.**

This action was brought by appellant against the Secretary of the Interior, the Solicitor of the Department of the Interior, and one Roy N. Mikel, seeking review of a decision of the Solicitor cancelling a homestead entry which had been allowed to appellant in 1951. The complaint alleged that the decision permitted the re-entry by Mikel, who was the contestant.

Service of process on the Secretary and the Solicitor was attempted by mailing copies of the complaint to them and to the Attorney General of the United States in Washington, D. C., and by leaving a copy of the summons and complaint with the United States Attorney at Fairbanks, Alaska. The latter moved the court that an order be entered quashing the return of service and dismissing the complaint as against the Secretary and Solicitor on the ground that they are residents of the District of Columbia and actions can be brought against them only in that place. The motion was granted and an order to quash and dismiss was entered accordingly. The plaintiff appealed, stating as the point on which he intended to rely that the court erred in granting the motion.

Appellees Secretary and Solicitor, by their attorneys, have appeared specially and moved this court to affirm the judgment below and to remand the cause for further proceedings, serving appellant with a copy of the moving papers. Appellant has appeared and filed with us a memorandum opposing the motion.

The order to quash and dismiss the case as against the Secretary and the Solicitor was clearly correct inasmuch as the court lacked jurisdiction of those officers. Their official residence is in Washington, D. C. The governing statute (28 U.S.C.A. § 1391(b) provides that "a civil action wherein jurisdiction is not founded solely on diversity of citizenship may be brought only in the judicial district where all defendants reside, except as otherwise provided by law." There is no

statutory authority for instituting suit against these officials elsewhere than in their place of residence. An affirmance of the order below will operate to avoid fruitless delays and costs and will in no wise prejudice appellant's right to bring an action in the proper jurisdiction. Appellate courts have, and frequently exercise, authority to dispose summarily of matters which are patently without merit. See, for example, the action of this court in United States v. Berger, 150 F.2d 56, which reversed on motion a judgment of dismissal granted by the district court. Accordingly the order below dismissing the action as against the Secretary and the Solicitor is affirmed.

As earlier stated, the motion asks also that the cause be remanded for further proceedings, presumably as against the defendant Mikel. Mikel had answered appellant's complaint, denying all allegations thereof save that a decision in his favor had been rendered in the contest proceeding. Mikel was and is mere nominal party in any event. However the case, if any, as against Mikel is remanded for the further consideration of the district court.

Affirmed in part and remanded in part.