Anna OGGESEN, Plaintiff,

v.

GENERAL CABLE CORPORATION, Defendant.

No. 58C79(3).

United States District Court
E. D. Missouri, E. D.
June 19, 1959.

226

Charles T. Herrmann, Hough, Maloney, Fox & Hermann, Clayton, Mo., for plaintiff.

F. W. Schwarz, Fordyce, Mayne, Hartman, Renard & Stribling, St. Louis, Mo., for defendant.

WEBER, District Judge.

Plaintiff filed her action at law in the Circuit Court of the City of St. Louis seeking to recover $35,000 for personal injuries alleged to have been sustained while performing her regular duties on the premises and in the employ of the defendant. Defendant, a New Jersey corporation, removed the action to this Court, and in due time filed its Motion

for Summary Judgment pursuant to Rule 56, F.R.Civ.P. 28 U.S.C.A.

The Motion is supported by an Affidavit setting forth that defendant is a major, self-insured employer and under the Workmen's Compensation Act of Missouri, V.A.M.S. § 287.010 et seq.; that in 1943 it elected to come under the "Occupational Disease" provisions of that Act, as amended; [1] that neither the plaintiff nor defendant has elected to reject said law and; that it posted proper notices as required.

■ If plaintiff's Petition brings her within the "occupational disease category", then the injuries for which plaintiff seeks to recover come within the provisions of the Workmen's Compensation Act of Missouri, which is substitutionary, and plaintiff cannot maintain an action at law. Marie v. Standard Steel Works, Mo., 319 S.W.2d 871, loc. cit. 875 [3].

The question thus presented to this Court by the Motion for Summary Judgment is whether the allegations contained in plaintiff's Petition,[2] when viewed in

1. § 287.020, subd. 4, RSMo 1949, V.A.M.S. (as amended in 1931) reads, in its pertinent parts, as follows: " * * *; provided, that nothing in this chapter contained shall be construed to deprive employees of their rights under the laws of this state pertaining to occupational diseases, unless the employer shall file with the commission a written notice that he elects to bring himself with respect to occupational disease within the provisions of this chapter and by keeping posted in a conspicuous place on his premises a notice thereof, etc."

2. The pertinent allegations contained in plaintiff's Petition, are as follows:
"3. That on or about the 6th day of June, 1944, the Plaintiff entered into the employ of the Defendant and remained in the employ of said Defendant until on or about the 13th day of August, 1957.
"4. That while serving as an employee of the Defendant during that time, plaintiff worked in various and different departments of the Defendant and some time in the Spring of 1956 she began to work near certain bake enamel ovens of the defendant.

"5. That in the performance of her regular duties and while lawfully on the premises of the Defendant * * * Plaintiff was required by the Defendant to work near or in close proximity to the above-mentioned certain baking ovens of the Defendant which ovens are and were used by the Defendant to bake enamel or paint or substances on the products of the Defendant.
"6. That during all these times the above-mentioned bake ovens did *send forth and billow forth large quantities, of noxious and harmful paint and enamel fumes, and the Plaintiff*, all of the time of her employment by the Defendant, as aforesaid, *was exposed to these noxious and harmful paint and enamel fumes and breathed and inhaled them many times each day, and absorbed them constantly each day,*. by reason of the fact that she was required to work in close proximity with the source. (Italics supplied.)
"7. (An allegation of notice to defendant and their failure to eliminate the condition complained of and that such failure was negligence.)
"8. That during all the times mentioned here, Defendant corporation, by

connection with the Affidavit supplied by the defendant, shows on its face and as a matter of law that plaintiff is seeking to recover for an "occupational disease."

■ The Missouri Workmen's Compensation Act does not define occupational diseases. The State does have, however, an Occupational Diseases Act, §§ 292.300–292.440 RSMo 1949, V.A.M.S. In the case of Marie v. Standard Steel Works, (supra), decided January 12, 1959, the Missouri Supreme Court, en banc, loc. cit. 876, said:

"However, in determining the intent and meaning of the term 'occupational disease' as used in the Workmen's Compensation Act, the words must be considered in their context and sections of the statute in pari materia, as well as cognate sections, must be considered in order to arrive at the true meaning and scope of the words."

Judge Storckman, writing the unanimous Opinion therein, for the entire court, pointed out that § 292.300 required employers to provide protection to employees from diseases and § 292.310 listed articles considered dangerous to health as "any poisonous chemicals, minerals, acids, fumes, vapors, gases, or other substances."

That decision, in this Court's opinion, definitely establishes as the latest Missouri law the precedent that the term "occupational disease", as used in the Workmen's Compensation Act, must be read in pari materia with the last two cited sections of the statute.

Also, the term "occupational disease" has acquired a well-established meaning in this state by judicial construction. See Marie v. Standard Steel Works, (supra); Sanford v. Valier-Spies Milling Co., Mo.App., 235 S.W.2d 92, 95 [1], and

the cases therein cited. See also Urie v. Thompson, 352 Mo. 211, 176 S.W.2d 471, 476 [13]; State ex rel. Fisher Body St. Louis Co. v. Shain, 345 Mo. 962, 137 S.W. 2d 546 and 99 C.J.S. Workmen's Compensation § 169, p. 559.

■ In Evans v. Chevrolet Motor Co., 232 Mo.App. 927, 105 S.W.2d 1081, 1084, the court said:

"Now an occupational disease, in its ordinary and accustomed sense, is a disease which is the natural incident or result of a particular employment, usually developing gradually from the effects of long-continued work at the employment, and serving, because of its known relation to the employment, to attach to the same a risk or hazard which distinguishes it from the ordinary run of occupations and is in excess of that attending employments in general."

In Marie v. Standard Steel Works (supra), 319 S.W.2d loc. cit. 873, the court more succinctly defined it as follows:

"Occupational disease is not defined by statute in this state, but occupational diseases have been defined as those that occur incident to employment and are due to some factor peculiar to the occupation."

Plaintiff has cited the case of McDaniel v. Kerr, 1953, 364 Mo. 1, 258 S.W.2d 629, as authority for recovery of damages in an action at law by an employee who suffered a lung abscess by reason of inhaling large quantities of dust. A judgment in favor of the plaintiff in the Circuit Court, had been set aside by the trial judge on the ground that the occurrence was under the Workmen's Compensation Act as an "accident". The Supreme Court of Missouri held that as the occurrence was not an accident the matter did

---

and through its agents, servants, and employees, knew or should have known by the exercise of ordinary care that serious damage and injury to the health and well-being *of the Plaintiff and others so employed* was likely to occur if adequate and reasonable steps to prevent the same were not taken by the Defend-

ant corporation." (Italics supplied.)

Plaintiff then alleged negligence of the defendant and set forth her allegations of injuries including injuries to "plaintiff's lungs and breathing system", and that she was "caused to suffer a pulmonary emphysema."

not fall within the Workmen's Compensation Act and allowed the original judgment in favor of plaintiff to stand.

This case is hard to harmonize with other Missouri decisions on the subject of occupational diseases falling within the provisions of the Missouri Workmen's Compensation Act. It must be distinguished in that the issue of "an occupational disease" was not submitted. For the Court said loc. cit. 636 [4],

"The plaintiff's cause was not submitted as an action to recover for 'an occupational disease', nor on negligence by reason of the violation of the occupational disease statutes, now Sections 292.300, et seq., RSMo 1949, V.A.M.S."

As it did not involve "occupational diseases" and turned entirely upon the question of whether the matter was, or was not, an "accident", it must be distinguished from other cases upon the subject.[3]

In analyzing plaintiff's Petition it can be determined that she seeks to recover for injuries which occurred over a period of time; that she alleges that these injuries were caused by her working in close proximity to certain baking ovens which sent forth large quantities of noxious and harmful paint and enamel fumes; that she breathed and inhaled these fumes many times each day and absorbed them constantly each day; that defendant knew or should have known that serious damage and injury would occur to the health and well being of "Plaintiff and others so employed."[2]

From a reading of the judicial decisions in Missouri defining "occupational diseases" and from the rule laid down in Marie v. Standard Steel Works, (supra), that §§ 292.300 and 292.310 should be considered in determining its meaning, this Court must reach the conclusion that plaintiff's Petition seeks a recovery for an "occupational disease".

In the case of King v. Monsanto Chemical Co., 8 Cir., 1958, 256 F.2d 812, the Court had before it, on appeal from this district, the very same issues here presented on the Motion for Summary Judgment. There the District Court had sustained the Motion for Summary Judgment on the grounds that the Petition alleged an "occupational disease" and was therefore within the Missouri Workmen's Compensation Act and that an action at law did not lie.

The 8th Circuit Court of Appeals relied, in part, upon the case of Marie v. Standard Steel Works, 311 S.W.2d 368, decided by the Kansas City Court of Appeals. Subsequently the Marie case went to the Supreme Court of Missouri, and the Supreme Court decision, heretofore cited in this Opinion, is even stronger authority upon the definition of "occupational disease" than was the Kansas City Court of Appeals decision.

Under the Missouri Decisions, plaintiff's cause of action, as pleaded, was covered by the Workmen's Compensation Act and under authority of the King case, (supra), a Motion for Summary Judgment will lie. Therefore, an Order will be prepared sustaining defendant's Motion for Summary Judgment and entering judgment for the defendant and against the plaintiff.

2. See note 2 on p. 226.

3. McDaniel v. Kerr, (supra), has been distinguished before, see Alexander v.

Saunders Mills, Inc., Mo.App., 289 S.W. 2d 483, 487, 490 [Footnote 6].