Anna OGGESEN, Appellant,

v.

**GENERAL CABLE CORPORATION,**
**Appellee.**

**No. 16306.**

United States Court of Appeals
Eighth Circuit.

Jan. 13, 1960.

Charles T. Herrmann, Clayton, Mo., for appellant.

Harold A. Thomas, Jr., St. Louis, Mo., for appellee.

Before GARDNER, WOODROUGH and VOGEL, Circuit Judges.

GARDNER, Circuit Judge.

Plaintiff (appellant) brought this action against defendant (appellee) to recover $35,000.00 damages based upon alleged negligent acts of defendant, her employer, in failing to furnish her with a reasonably safe place in which to work. As basis for her right to recover she alleged, in substance, that she was employed by defendant General Cable Corporation at its plant in St. Louis, Missouri, on or about June 6, 1944; that from that date to about August 13, 1957, she worked in various departments and about the Spring of 1956, while serving as an employee of defendant, she began to work near certain bake enamel ovens; that the performance of her regular duties required her to work in close proximity to these ovens which, during all this time, would billow forth large quantities of noxious and harmful paint and enamel fumes; that in her employment she was exposed to these fumes, breathed and inhaled them many times each day, and absorbed them constantly each day, because she was required to work in close proximity to the source; that she complained of these conditions and asked defendant to eliminate them but defendant did not heed her complaints and incorrectly advised her that it was safe to work under the existing conditions; that

defendant knew or should have known that injury to the health of plaintiff and others so employed was likely to occur if these conditions were not corrected; that as a direct result of defendant's failure to provide her with a safe place in which to work, or safety devices with which to work, she suffered physical injuries, principally a pulmonary emphysema.

Defendant answered, denying all allegations of negligence. It affirmatively pleaded that it was a major, self-insured employer and had elected to comply with the provisions of the Workmen's Compensation Act of the State of Missouri, Section 287.010 et seq. RSMo 1949, V.A. M.S.; that the injuries of which plaintiff complains were compensable under said Act; that the court was without jurisdiction of the subject matter of the claim alleged; that exclusive jurisdiction of the adjudication thereof is vested solely in the Workmen's Compensation Commission of Missouri; and that plaintiff and defendant were subject to and governed by the provisions of said Compensation Law.

In due course defendant moved for a summary judgment, basing its motion on the pleadings and an affidavit. The affidavit set forth the specific acts taken by defendant to bring it within the provisions of the Workmen's Compensation Act of the State of Missouri, alleged that the plaintiff had not rejected the Act, affirmatively alleged that both the plaintiff and defendant were under the Workmen's Compensation Act and its "occupational disease" amendment, and alleged that the proper notices had been posted as required. There was no issue raised as to the allegations of defendant's affidavit showing that it had complied with the provisions requisite to bring it within the Workmen's Compensation Act and its "occupational disease" amendment. The court, being of the view that there was no genuine issue as to any material fact, sustained the motion and dismissed plaintiff's complaint for want of jurisdiction.

Plaintiff contends that the court erred in sustaining defendant's motion for

summary judgment. She takes the position that the nature of her action is a damage suit in which she was injured while employed by the defendant and the injury was not the result of an "accident" within the meaning of that word as used in the Workmen's Compensation Act but was due to the negligence of the defendant in failing to furnish her with a reasonably safe place in which to work.

■■ As this is a diversity of citizenship action, the rights of the parties must be determined by the applicable Missouri law. If the cause of action alleged in plaintiff's complaint is to recover for an "occupational disease," then the injuries for which plaintiff seeks to recover come within the provisions of the Workmen's Compensation Act of Missouri, as amended, which is exclusive, and hence plaintiff cannot maintain a common law action. Marie v. Standard Steel Works, Mo., 319 S.W.2d 871; King v. Monsanto Chemical Co., 8 Cir., 256 F.2d 812; Smith v. Harbison-Walker Refractories Co., 340 Mo. 389, 100 S.W.2d 909; Smith v. Stanolind Pipe Line Co., 354 Mo. 250, 189 S.W.2d 244; State ex rel. Fisher Body St. Louis Co. v. Shain, 345 Mo. 962, 137 S.W.2d 546; Fitzgerald v. Fisher Body St. Louis Co., 234 Mo. App. 269, 130 S.W.2d 975; Sanford v. Valier-Spies Milling Co., Mo.App., 235 S.W.2d 92. Thus, in Marie v. Standard Steel Works, supra, the Supreme Court of Missouri, referring to the applicable law in cases arising under the Workmen's Compensation Act, as amended, among other things said:

"The compensation act, including the occupational disease amendment where applicable, is not supplemental or declaratory of any existing rule, right or remedy, but creates an entirely new right or remedy and where the employer and employee have elected to accept the provisions of the act such new right or remedy is wholly substitutional in character and supplants all other rights and remedies, at common law or otherwise." [319 S.W.2d 875.]

In King v. Monsanto Chemical Co., supra [256 F.2d 814], Judge Sanborn, speaking for this Court, reviewed all the applicable Missouri law on the question we are now considering, and in the course of his opinion said, inter alia:

"It is conceded that the parties were both subject to the Act. It is, therefore, clear that if the plaintiff's cancerous condition is an 'occupational disease' within the meaning of the Missouri Workmen's Compensation Act, he is, as the defendant contends, entitled to nothing more than the compensation and other benefits provided by that law for an employee in his condition and with his disability."

No material changes in the applicable Missouri law, statutory or judicial, have been called to our attention since Judge Sanborn's opinion in King v. Monsanto Chemical Co., supra, and we have found none.

■ Plaintiff alleges that her exposure to the noxious and harmful paint and enamel fumes sent forth from the bake enamel ovens of defendant so injured her lungs and breathing system that she was caused to suffer a pulmonary emphysema. Was this, under the facts alleged in plaintiff's complaint, an "occupational disease" within the purview of the controlling legislative acts as interpreted by the appellate courts of Missouri? This question was considered by us in King v. Monsanto Chemical Co., supra, wherein it was contended that cancer from which the plaintiff was suffering was not an "occupational disease." After reviewing many of the Missouri decisions, it was held that, under the facts in that case, cancer was an "occupational disease." In the course of the opinion it is said:

"Apparently it is the plaintiff's theory that if a disease, at the time it was contracted, was not known to be incidental and peculiar to an occupation, it was not an 'occupational disease,' and the fact that it subsequently came to be known to have resulted from and to be incidental and

peculiar to that occupation would not bring it within the coverage of the Workmen's Compensation Act as an 'occupational disease.' That seems to us to be illogical, since it is fair to assume that as to employers and employees who accepted the Occupational Disease Amendment, the Workmen's Compensation Act was intended to cover both injuries and diseases resulting from and incidental to the hazards of a particular occupation in which they were engaged."

It is plaintiff's contention that her disease was contracted, not because of her occupation, but because of the place or surroundings in which she was required to follow her occupation. In support of this position she says that she was by occupation a wire inspector, that fine wire is free from fumes, that inspecting such wire is hazardless if performed in an open field; hence, it is impossible for a fine wire inspector to sustain an "occupational disease," even when required to work in a "physical location that subjected her to a foreseeable peril." We think this contention finds no support in the controlling Missouri decisions and is in the teeth of what is said by us in King v. Monsanto Chemical Co., supra, to the effect that:

> "That seems to us to be illogical, since it is fair to assume that as to employers and employees who accepted the Occupational Disease Amendment, the Workmen's Compensation Act was intended to cover both injuries and diseases resulting from and incidental to the hazards of a particular occupation in which they were engaged."

In Marie v. Standard Steel Works, supra, the court held that loss of hearing was an "occupational disease." The employee in that case was a welder, not an unusually noisy occupation as such, but he was required to work inside a tank within six feet of where other workers were working and hammering on another tank. Metal finishers, using disk grinders and polishers which made a loud, high pitched noise, also worked "in this general area." [319 S.W.2d 873.] There was noise from punch presses in the same department. The noise which induced loss of hearing was incident to the place where he worked, not the inherent nature of a welder's job. Plaintiff in King v. Monsanto Chemical Co., supra [256 F.2d 813], was a pipe-fitter, an occupation which certainly carries no special peril of disease as such. However, he was required to do such work in a place where defendant "permitted poisonous, noxious and deleterious * * * fumes, vapors, gases and other substances to enter," which he inhaled in the course of his work, to his injury, and we held, under the applicable Missouri law, that plaintiff had contracted an "occupational disease."

We are convinced that the trial court committed no error in holding that the injury for which plaintiff claims damages was an "occupational disease", and hence plaintiff could not maintain a common law action but her remedy was such compensation as provided by the Workmen's Compensation Act, as amended. The court was therefore correct in dismissing the case for want of jurisdiction and the judgment appealed from is affirmed.