Mary **MARTINEZ**, Appellant,

v.

Fred A. **SEATON**, as Secretary of the Interior of the United States, and The Southern Ute Tribe, Appellees.

Nos. 6551, 6552.

United States Court of Appeals
Tenth Circuit.

Jan. 7, 1961.

Bentley M. McMullin, Aurora, Colo. (Lewis M. Perkins, Durango, Colo., on the brief), for appellant.

LaVerne H. McKelvey, Durango, Colo. (R. Franklin McKelvey, Durango, Colo., on the brief), for appellee, Southern Ute Tribe, a corporation.

Raymond N. Zagone, Atty., Dept. of Justice, Washington, D. C. (Perry W. Morton, Asst. Atty. Gen., Donald G. Brotzman, U. S. Atty., and W. Richard McMartin, Asst. U. S. Atty., Denver, Colo., and S. Billingsley Hill, Atty., Dept. of Justice, Washington, D. C., on the brief), for appellee, Fred A. Seaton, as Secretary of the Interior of the United States.

Before MURRAH, Chief Judge, LEWIS, Circuit Judge, and RICE, District Judge.

LEWIS, Circuit Judge.

These two cases, consolidated upon appeal because of a common and dispositive question of law, represent a continuation of the plaintiff's efforts to have a judicial declaration or determination of her claimed status as a member of the Southern Ute Tribe so that she may participate in the tribal benefits or recover damages for her wrongful rejection from the Tribe. In two prior cases we have considered the jurisdictional aspects of her contentions and have twice held that her grievance is not recognizable in the federal court as involving a federal question. Martinez v. Southern Ute Tribe, 10 Cir., 249 F.2d 915; Martinez v. Southern Ute Tribe, 10 Cir., 273 F.2d 331. The present cases claim different jurisdictional foundations.

In its present posture No. 6551 is a suit filed in the United States District Court for the District of Colorado against Fred A. Seaton as Secretary of the Interior and seeks a declaratory judgment establishing plaintiff's tribal status. Jurisdiction is premised, however, upon a claim of diversity of citizenship and the existence of the requisite amount in controversy. Personal service of summons was obtained upon the Secretary within the District of Colorado while

he was visiting in the city of Denver. The service of such process was quashed by order of the District Court and the case dismissed; this appeal followed.

No. 6552 originated by complaint filed in the Colorado District Court for the City and County of Denver. The complaint sounds in tort and names as defendants both the Southern Ute Tribe and Fred A. Seaton as Secretary of the Interior of the United States. Personal service was again obtained upon the Secretary while he was personally present in Denver. This action was removed from the state court to the United States District Court pursuant to the authority of Title 28 U.S.C. §§ 1441(a) and 1442(a) (1). A motion by plaintiff to join the United States as a party defendant was denied, service upon the Secretary was quashed, and the action was dismissed; and, again, this appeal followed.

■ In both actions claim is made against the Secretary of the Interior in his official capacity as a cabinet officer of the United States and it is immediately apparent that the pivotal question to be considered is whether the service of summons upon a cabinet officer within the territorial jurisdiction of a court outside the District of Columbia will confer jurisdiction upon such court over him in his official capacity. We hold that jurisdiction cannot be so obtained.

In Thomas v. Union Pacific Railroad Company, 10 Cir., 239 F.2d 641, we approved and adopted the language of the trial court (D.C., 139 F.Supp. 588, 597) wherein it is stated:

"The Secretary of the Interior, in his official capacity, is suable only in the District Court of the United States within and for the District of Columbia."

To the same effect see Stroud v. Benson, 4 Cir., 254 F.2d 448; Ernst v. Secretary of the Interior, 9 Cir., 244 F.2d 344, 17 Alaska 133; Berlinsky v. Woods, 4 Cir., 178 F.2d 265; Tribal Council v. Ickes, D.C.Mont., 58 F.Supp. 584; Smith v. Farley, D.C.N.Y., 38 F.Supp. 1012.

■ In Thomas, supra, and the cited cases, personal service upon the officer was not obtained within the court's territorial limits. However the substance of the rule cannot be frustrated by the mere physical act of reaching the Secretary in personam as he travels through the territorial jurisdiction of the multitude of state and federal courts throughout the nation. The office of the Secretary is in Washington and he is answerable to process in his official capacity only at the seat of government. Blackmar v. Guerre, 342 U.S. 512, 72 S.Ct. 410, 96 L.Ed. 534; Hunter v. United States, 4 Cir., 183 F.2d 446; Nesbitt Fruit Products, Inc. v. Wallace, D.C. Iowa, 17 F.Supp. 141; Lyman Flood Prevention Ass'n v. City of Topeka, 152 Kan. 484, 106 P.2d 117.

It follows that the trial court properly quashed the service of summons upon the Secretary in Case 6551 and thereupon dismissed the action. This judgment is accordingly affirmed.

■ The trial court was also correct in quashing the summons in Case 6552 and in denying plaintiff's motion to add the United States as a party defendant. As we have indicated, this matter originated in state court and sounds in tort. However the action does not purport to be based upon the Tort Claims Act, 28 U.S.C.A. § 1402, and obviously would not be strengthened if such a theory could be read into the complaint. State courts do not have jurisdiction of claims under the Act and jurisdiction is not obtained by removal even though the action might properly originate in federal court. 28 U.S.C.A. § 1346; Lambert Run Coal Co. v. Baltimore & Ohio R. Co., 258 U.S. 377, 42 S.Ct. 349, 66 L.Ed. 671.

■ Case 6552 was removed to federal court because it purported to be an action against an officer of the United States. After determination that the Secretary was not amenable to process within the State of Colorado in such capacity, and the purported service quashed, the premise of removal to federal jurisdiction was eliminated and the

action should have been remanded to the state court for a determination of plaintiff's rights against the Southern Ute Tribe under state law. Case 6552 is therefore remanded to the District Court with directions to vacate its judgment of dismissal and enter an order remanding the case to the state court. In all other aspects the judgment is affirmed.