Ella BARNES, Plaintiff,

v.

**UNITED STATES of America, Bureau of Indian Affairs, Philleo Nash, Commissioner of Indian Affairs, Percy E. Mellis, Area Director B.I.A., and John Cummins, Crow Tribal Chairman, Defendants.**

Civ. No. 363.

United States District Court
D. Montana,
Billings Division.

May 14, 1962.

Joseph P. Hennessey, Billings, Mont., for plaintiff.

Moody Brickett, U. S. Atty., Butte, Mont., and Richmond F. Allan, Asst. U.

S. Atty., Billings, Mont., for the United States.

Bert W. Kronmiller and Douglas Y. Freeman, Hardin, Mont., for defendant John Cummins, Crow Tribal Chairman.

JAMESON, District Judge.

Plaintiff alleges in her complaint that she "brings this action against the United States of America and the other defendants pursuant to the United States Code Annotated, Title 5, § 1009(a), and particularly against the defendant, John Cummins, under the General Equity Jurisdiction of this Court, to enjoin, set aside and annul a certain Resolution approved by Philleo Nash, Commissioner of Indian Affairs and Stewart Udahl, Secretary of Interior of the United States of America; and to enjoin and restrain the Defendants from carrying out of their plan" under the resolution. The resolution (copy of which was attached to the complaint as Exhibit A) was adopted by the Crow Tribe of Indians on February 2, 1962. The complaint alleges that the resolution and adoption thereof were unlawful and void in various particulars therein specified.

Plaintiff applied for a preliminary injunction. Following a hearing held March 7, 1962, the application was denied. Pursuant to leave granted at the hearing, an amended complaint was filed, adding "Percy E. Millis, Area Director B. I. A." as a party defendant. An alias summons was issued but no service has been made upon this defendant.[1]

The defendants United States of America and John Cummins, Crow Tribal Chairman, filed motions to dismiss[2] the amended complaint on the following grounds:

(1) The court is without jurisdiction of the subject matter; (2) the court is without jurisdiction of the parties defendant; (3) the Crow Tribe and the Secretary of the Interior are indispensable parties who have not been joined; and (4) the amended complaint fails to state a claim upon which relief may be granted.

The resolution in question relates to the disposition of the proceeds of a judgment[3] obtained by the Crow Tribe of Indians pursuant to an action under the Indian Claims Commission Act of 1946, 25 U.S.C.A. § 70 et seq. The judgment of the Indian Claims Commission, with some amendments, was affirmed by the Court of Claims.[4]

The proceeds of the judgment were placed in the Treasury of the United States under the direction of the Secretary of the Interior to the credit of the Crow Tribe, subject to Section 11 of the Crow Act of 1920, 41 Stat. 751, 754–755, as amended by the Act of June 20, 1936, Chapter 624, 49 Stat. 1543. This section provides in pertinent part:

"That tribal funds now on deposit or later placed to the credit of the Crow Tribe of Indians, Montana, may be used for per-capita payments, or such other purposes as may be designated by the tribal council and approved by the Secretary of the Interior, and section 11 of the Act of June 4, 1920 (41 Stat. 751), is hereby modified accordingly."

Jurisdiction, except as to the defendant Cummins, is invoked under Sec-

1. It appears from the brief of the defendant United States of America that Percy E. Mellis has retired as area director of the Bureau of Indian Affairs. For the reasons hereinafter set forth my holding would be the same even if his successor were joined as a party defendant and properly served.

2. Supporting briefs were filed by both defendants. No brief has been filed by plaintiff subsequent to the hearing on March 7, 1962.

3. Plaintiff alleges that she has brought the action on her own behalf and on behalf of "all other persons similarly situated who are members of the Crow Tribe and who object to the distribution and handling of that certain judgment awarded to the Crow Tribe by the courts of the United States".

4. Crow Tribe of Indians v. United States, Ct.Cl.1960, 284 F.2d 361, cert. den. 366 U.S. 924, 81 S.Ct. 1350, 6 L.Ed.2d 383.

tion 10 of the Administrative Procedure Act, 5 U.S.C.A. § 1009(a).[5] This section, however, does not extend "the jurisdiction of the federal courts to cases not otherwise within their competence. (Citing cases.) The purpose of § 10 is to define the procedures and manner of judicial review of agency action, rather than to confer jurisdiction upon the courts". Ove Gustavsson Contracting Company v. Floete, 2 Cir. 1960, 278 F.2d 912, 914.

■ What agency action does the plaintiff here seek to review? Under the provisions of Section 11 of the Crow Act, as amended, quoted supra, the funds may be used for per capita payments or such other purposes as may be designated by the Tribal Council and approved by the Secretary of the Interior. Yet neither the Crow tribe nor the Secretary of the Interior is a party defendant. Obviously they would be indispensable parties if any action of either were otherwise subject to review.

■■ Insofar as the Crow Tribe is concerned, it is well settled that full powers of internal sovereignty are vested in an Indian tribe and its duly constituted organs of government, subject only to limitation by treaty or express legislation by Congress. An Indian tribe is not subject to suit without the consent of Congress.[6] Nor may a tribe be sued indirectly by suing its tribal officers or the United States as trustee or guardian of the tribe.[7] No law has been cited and none can be found which would subject the Crow Tribe to a suit of the nature involved in this action.

5. 5 U.S.C.A. § 1009 provides in pertinent part: "Except so far as (1) statutes preclude judicial review or (2) agency action is by law committed to agency discretion.

"(a) Any person suffering legal wrong *because of any agency action*, or adversely affected or aggrieved *by such action* within the meaning of any relevant statute, shall be entitled to judicial review *thereof*." (Emphasis supplied.)

6. Turner v. United States, 1918, 248 U.S. 354, 39 S.Ct. 109, 63 L.Ed. 291; United States v. United States Fidelity & Guaranty Co., 1940, 309 U.S. 506, 512, 60 S.Ct. 653, 84 L.Ed. 894; Thebo v. Choctaw Tribe of Indians, 8 Cir. 1895, 66 F. 372; Haile v. Saunooke, 4 Cir. 1957, 246 F.2d 293, cert. den. 355 U.S. 893, 78 S.Ct. 268, 2 L.Ed.2d 191; Whitefoot v. United States, Ct.Cl.1961, 293 F.2d 658, cert. den. 369 U.S. 818, 82 S.Ct. 829, 7 L.Ed.2d 784. With particular reference to the powers of an Indian tribe with respect to property, the court in Whitefoot v. United States quoted with approval the following excerpt from Federal Indian Law (1958) U. S. Government Printing Office, a revision and updating through the year 1956 of Felix S. Cohen's Handbook of Federal Indian Law:

"Federal Indian Law, 440-444:

"The powers of an Indian tribe with respect to property, except as they may thus be limited by Congress, derive from two sources. In the first place, the tribe has, without respect to tribal property, certain rights and powers commonly incident to property ownership. In the second place, the Indian tribe has, among its powers of sovereignty, the power to regulate the use and disposition of individual property among its members.

\* \* \* \* \*

" \* \* \* Except for these general limitations and other specific statutory limitations found in enrollment acts and other special acts of Congress, the proper authorities of an Indian tribe have full power to regulate the use and disposition of tribal property by the members of the tribe.

\* \* \* \* \*

"Repeatedly, in the situations above discussed, Federal and State courts have declined to interfere with the decisions of tribal authorities on property disputes internal to the tribe.

"It clearly appears, from the foregoing cases, that the powers of an Indian tribe are not limited to such powers as it may exercise in its capacity as a land owner. In its quasi-sovereign capacity and in the exercise of local self-government, it may exercise powers similar to those exercised by any State or municipal corporation in regulating the use and disposition of private property, save insofar as it is restricted by specific statutes of Congress." 293 F.2d 658, 662.

7. Adams v. Murphy, 8 Cir. 1908, 165 F. 304; Haile v. Saunooke, supra; Native American Church of North America v. Navajo Tribal Council, 10 Cir. 1959, 272 F.2d 131.

■ If any agency action is subject to review,[8] it is that of the Secretary of the Interior. Under the Crow Act, as amended, the Secretary was the only person who could approve the action of the tribal council. This is not a case where a decree could grant the relief desired by expending itself on any subordinate official who might be before the court. Any decree which might be entered would require the Secretary to take action or refrain from taking action, "either by exercising directly a power lodged in him or by having a subordinate exercise it for him". It is well settled that in such a case the superior officer, here the Secretary of the Interior, is an indispensable party.[9]

■ In addition to the failure to join indispensable parties, the complaint is fatally defective in other particulars. As noted supra, the Crow tribe may not be sued indirectly through suing a tribal officer or by suing the United States as trustee or guardian of the tribe. Counsel have not cited, nor have I found, any special act or general statute which would authorize this suit against the United States. Since the United States cannot be sued without its consent, it was improperly joined as a party defendant.[10]

■■ The Bureau of Indian Affairs is an agency of a department of the United States Government and as such is immune from suit without the consent of Congress.[11] It has no legal entity separate from the United States.[12] A suit of this nature against the Bureau of Indian Affairs would in effect be a suit against the United States.[13] A department or bureau of the Government may not be sued in evasion of soverign immunity.[14] Counsel have not cited, nor have I found, any act which would authorize this action against the Bureau of Indian Affairs.[15] The Bureau of Indian Affairs accordingly was improperly joined as a party defendant.

■ Plaintiff has named "Philleo Nash, Commissioner of Indian Affairs" as a party defendant and attempted to obtain service upon him by mail. The Commissioner's official residence, like that of the Secretary of the Interior, is Washington, D. C. There is no statutory authority for instituting suit against such officials elsewhere than at their place of residence. This court lacks jurisdiction of the person of the defendant Nash; nor could jurisdiction be obtained in this district with respect to either the Secretary or the Commissioner.[16]

■ Finally, the complaint does not allege what action, if any, has been or will be taken by Philleo Nash, John Cummins, or the Area Director of the Bureau of Indian Affairs in carrying out the program described in the resolution adopted by the Crow Tribe and approved by the Secretary. The complaint fails to state

---

8. It is unnecessary to decide whether the action of the Secretary would be agency action "by law committed to agency discretion", thus precluding review under 5 U.S.C.A. § 1009, quoted in footnote 5.

9. Williams v. Fanning, 1947, 332 U.S. 490, 68 S.Ct. 188, 92 L.Ed. 95; Johnson v. Kirkland, 5 Cir. 1961, 290 F.2d 440; McNeil v. Leonard, D.Mont.1961, 199 F. Supp. 671.

10. Turner v. United States, supra.

11. Blackmar v. Guerre, 1952, 342 U.S. 512, 72 S.Ct. 410, 96 L.Ed. 534; Thomason v. Works Project Administration, 9 Cir. 1943, 138 F.2d 342; United States Department of Agriculture v. Hunter, 5 Cir. 1949, 171 F.2d 793.

12. United States Dept. of Agriculture, Emergency Crop and Feed Loans v. Remund, 1947, 330 U.S. 539, 67 S.Ct. 891, 91 L.Ed. 1082.

13. Thomason v. Works Project Administration, supra.

14. United States Department of Agriculture v. Hunter, supra.

15. As the Court said in Blackmar v. Guerre, supra, "When Congress authorizes one of its agencies to be sued eo nomine, it does so in explicit language, or impliedly because the agency is the offspring of such a suable entity". (342 U.S. 512, 515, 72 S.Ct. 410, 96 L.Ed. 534.)

16. Blackmar v. Guerre, supra; Ernst v. Secretary of the Interior, 9 Cir. 1957, 244 F.2d 344, 17 Alaska 133.

a claim for relief against any of these defendants. Moreover, as set forth supra, if any action is subject to review, it is that of the Secretary, rather than that of any of his subordinates.

The motions to dismiss are granted.